**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • WWW.HEGH.LAW

Direct Dial: (302)472-7311
Email: dgattuso@hegh.law

September 4, 2020

**VIA CM-ECF**
The Honorable Richard G. Andrews
District Court of Delaware
844 North King Street
Wilmington, DE 19801

Public Version Filed September 11, 2020

**In re: Sitagliptin Phosphate ('708 & '921) Patent Litigation – MDL 2902**

Dear Judge Andrews,

    Defendants write regarding the Supplemental Declaration of Professor Allan S. Myerson, Ph.D. Regarding Claim Construction ("Supplemental Myerson Declaration"), filed by Plaintiffs on September 1, 2020. Defendants request that the Court disregard the portions of the Supplemental Myerson Declaration that (i) present arguments that Dr. Myerson could have presented in his first two declarations, (ii) improperly rely on confidential, non-public Merck information to interpret the patent, or (iii) do not directly respond to alleged new arguments in Dr. Buckton's July 10, 2020 Sur-Reply Declaration. Such arguments far exceed the limitations that the Court placed on the Supplemental Myerson Declaration. *See Markman* Tr., D.I. 192 at 126:24-127:2.

    More specifically, Defendants request that the Court disregard, or give little or no weight to, the arguments in Paragraphs 3, 5-6, 8-12, 14-16 and 19-24 of the Supplemental Myerson Declaration, and Appendix A. Paragraphs 3, 8-12, 14, 16, and 21 contain opinions regarding what a POSA would have understood from the specification of the '708 patent about the conditions that thermodynamically favor formation of the monohydrate crystalline form. These are entirely new arguments that Dr. Myerson could have (and therefore should have) made in one of his first two declarations. Moreover, the Court should disregard Paragraphs 19-21 of the Supplemental Myerson Declaration because they rely on confidential, non-public Merck documents to which a POSA would not have had access, and therefore cannot inform construction of the crystallization term. Likewise, the Court should disregard Appendix A, which constitutes those non-public Merck documents. Finally, the Court should disregard the arguments in Paragraphs 5-6 and 15 of the Supplemental Myerson declaration because they merely repeat arguments already made, and Paragraphs 22 (first three sentences) and 23-24 because they are not responsive to anything new presented in the Buckton Sur-Reply Declaration. *See, e.g.*, Myerson Suppl. Decl. ¶ 23 (responding to what Dr. Myerson describes as opinions that "largely repeat what Dr. Buckton expressed previously"); ¶ 24 (repeating arguments about analyses that Dr. Myerson alleges that "Dr. Buckton ignored entirely").

Respectfully,

*/s/ Dominick T. Gattuso*

Dominick Gattuso (#3630)



DTG/ram
cc:     All counsel of record (via CM-ECF)