

**Daniel M. Silver**
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

August 19, 2021

**VIA CM/ECF**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 6325, Unit 9
Wilmington, DE 19801-3555

Re: *In re Sitagliptin Phosphate ('708 & '921) Patent Litigation,*
C.A. Nos. 19-md-2902-RGA, 19-312-RGA, 19-313-RGA, 19-314-RGA, 19-319-RGA, 20-749-RGA, 20-815-RGA, 20-847-RGA, 20-949-RGA, 20-1099-RGA, 20-1496-RGA

Dear Judge Andrews,

    I write on behalf of Plaintiff Merck concerning the submission of the Pretrial Order, on September 3, in advance of the parties' Pretrial Conference on September 10. In particular, Merck respectfully requests the Court's guidance about the level of detail that would be most helpful to the Court for the L.R. 16.3(c)(4) Statement of Contested Issues of Fact.

    As part of the preliminary exchanges in advance of the submission of the Order, Defendants provided a Statement of Contested Issues of Fact solely on *prima facie* validity that is 353 pages long. Defendants' Statement is, in large part, a verbatim recitation of their experts' opening and reply reports.

    Merck believes that the level of detail in Defendants' Statement far exceeds what is envisioned by Local Rule 16.3(c)(4) and would be cumbersome for the Court. The parties' experts submitted lengthy reports in this case, and—if Merck were to follow Defendants' lead and copy every opinion from every report—the parties' Statements of Contested Issues of Fact may ultimately total over 800 pages.

    In order to make the submission more helpful to the Court, Merck would prefer to submit a more streamlined Statement that identifies the contested factual *issues* that remain to be litigated, rather than all of the underlying facts the experts may testify about concerning those issues, which were disclosed in the expert reports themselves. However, during a meet-and-confer on this issue and in subsequent correspondence, Defendants have suggested that they might seek to preclude Merck's experts from offering any opinion at trial that was not explicitly included as a "fact" in the parties' Statements, even though that opinion was contained in the

August 19, 2021<br>Page 2

expert report itself.  Merck disagrees that the Statement would or should have this preclusive effect, but the parties have been unable to resolve this issue.

      This is an issue that the undersigned counsel has encountered in previous cases, as both sides frequently amend their Statements to provide at least as much, if not more, detail than their adversaries.  Accordingly, Merck respectfully requests the Court's guidance about the appropriate scope and level of detail of the Statement of Contested Issues of Fact under Local Rule 16.3(c)(4) so that the parties can tailor their Statements accordingly.

Respectfully submitted,

/s/ *Daniel M. Silver*

Daniel M. Silver (#4758)

cc: All Counsel of Record (via CM/ECF and E-Mail)