IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE SITAGLIPTIN PHOSPHATE ('708 & '921) PATENT LITIGATION | : : : : : : : : : : : : | MDL No. 19-2902-RGA

C.A. Nos. 19-312-RGA
19-313-RGA
19-314-RGA
19-319-RGA
20-749-RGA
20-815-RGA
20-847-RGA
20-949-RGA
20-1099-RGA
20-1496-RGA |

**STATEMENT**

The parties have submitted letters that in part argue about what a "Statement of Contested Issues of Fact" in a proposed pretrial order should look like. (D.I. 561, 562). If one side's statement of such issues is 353 pages long, that's ridiculous no matter what, but particularly so for a trial of less than a week.

The parties cite the local rule, which says the proposed pretrial order should include "a statement of the issues of fact which any party contends remain to be litigated." D.Del. LR 16(c)(4).

I have not needed to give this rule much thought previously. Some portions of the proposed pretrial order need to be addressed by a judge before the start of trial, for example, the voir dire, the preliminary jury instructions, and the motions in limine. Other than that, the only things in the pretrial order that I usually address at the pretrial conference are the text of the order and the number of witnesses and the general subjects of their testimony, which essentially relate to the issue of how long the trial will take.

All other portions of the pretrial order are generally for the benefit of the parties, if anyone. What the contested issues of fact are at a micro level are generally irrelevant to me.[1] The contested issues of fact in the pretrial order do not involve me – they are exchanges between the parties and, hopefully, serve some identifying and/or narrowing purposes for the parties as they get close to trial.

I do not know what is the right length of a final statement of contested issues of fact. But I doubt that 353 pages would ever serve any purpose for anyone. I have no recollection of anyone ever objecting to testimony because an expert offered testimony that was in an expert report but not set forth in the statement of contested issues of fact. If someone made such an objection, I am confident I would not sustain it.

I would think the best statement of contested facts would be one jointly agreed to by the parties and which was at a level of generality such that the parties knew which issues would need to be addressed.[2] For example, does an identified piece of prior art anticipate particular asserted claims? Or, perhaps more helpfully, does the identified piece of prior art, which is asserted to anticipate, disclose limitation x of the asserted claims? Such a statement might then lead to a stipulation that the piece of prior art disclosed the other limitations of the asserted claims,

---

[1] If memory serves, there have been infrequent occasions where I asked the parties to submit proposed findings of fact in advance of trial, with perhaps a limit of ten to fifteen pages. When I have done this, it was in the hope that I could make oral findings at the conclusion of testimony.

[2] For a five-day antitrust trial for which I held a pretrial conference last week, the parties submitted a total of less than sixteen pages for the contested issues of fact. I would think this was very much in the range of a reasonable submission.

resulting in a savings of time.

So stated this 23 day of August 2021.

United States District Judge